# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRISTOPHER ROY**                                                  **PLAINTIFF**

**v.**                              **No. 4:08CV119-P-A**

**CHRISTOPHER EPPS**                                         **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Christopher Roy, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Roy alleges that he has been kept in close confinement for a period of years without proper justification. The defendant has moved for summary judgment, arguing that sufficient justification exists for keeping Roy in close confinement. Roy has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the motion [16] by the defendant for summary judgment will be granted and judgment entered for the defendant.

## Factual Allegations

The Mississippi Department of Corrections formed a classification task force in August 2006. The task force reclassified many inmates from a designation of high risk (close confinement) to general population. Roy believes that he should have benefitted from this new policy, but he did not. Many of the inmates released into the general prison population had a history of escape attempts at least as bad as his. Reclassification hearings are conducted without any discernable order. Inmates are not informed of the time or place of such hearings – and sometimes do not even know the hearings took place until after the time for appeal has expired.

Roy escaped the custody of the Mississippi Department of Corrections in August 2005 in the aftermath of Hurricane Katrina, which destroyed the homes of his family members. He claims that he escaped in order to help his family.

Roy also escaped the custody of a Mississippi Department of Corrections K-9 unit on January 6, 2006, while being transported from Parchman, Mississippi to Meridian, Mississippi for a court hearing. The pursuing officers quickly became winded. K-9 unit officer Stephen Rogers fired his sidearm at Roy, then resumed the chase. Soon after, Rogers collided with a vehicle and sustained injuries. Roy claims that he also escaped this time in order to help his family.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Discussion

In his motion for summary judgment, the defendant provides proof that Christopher Roy does, indeed, pose a high security and flight risk. It is undisputed that Roy had accrued the following *twelve* major rule violations at the time he was classified as a high security risk inmate on April 2, 2008:

(1)     escape from the East Mississippi Correctional Facility;

(2)     unauthorized possession of money ($240.00);

(3)     refusing to stop running and lie on the ground;

(4)     unauthorized possession of coloring pencils, red pen, and wires;

(5)     attempting to send mail in another inmate's name;

(6)     refusing to provide urine for testing;

(7)     escape from the East Mississippi Correctional Facility;

(8)     attempting to send mail using another inmate's name;

(9)     unauthorized possession of a tattoo gun;

(10)    unauthorized possession of a cellular phone;

(11)    unauthorized possession of a stinger; and

(12)    attempting to make a three-way call to another inmate at the East Mississippi Correctional    Facility.

The incident with the cellular phone actually occurred *during* Roy's classification as a high-risk inmate. This fact bolster's the defendant's argument that Roy is, indeed, a high-risk inmate.

Roy's argument in his response consists primarily of attempts to minimize the seriousness of his infractions – and to invite the court to review the files of other, similarly-situated, inmates who have been classified as high-risk, then returned to the general population. The court declines such an invitation. Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). The plaintiff's situation does not constitute an extreme circumstance.

The evidence is clear that the plaintiff is both a flight risk and a security risk. He has

*twice* escaped from custody, has been found with a cellular phone (one of the largest security risks modern prisons face), and has incurred numerous other serious rule infractions – many while actually classified as a high security risk inmate. Roy has had periodic reviews by the classification committee. His claims have no merit, and judgment will be entered for the defendants. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of July, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE