# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CHRISTOPHER ROY                                                                               PLAINTIFF

v.                                                                        No. 4:08CV119-P-A

CHRISTOPHER EPPS                                                        DEFENDANT

### ORDER *DENYING* THE PLAINTIFF'S MOTION [26] TO RECONSIDER THE COURT'S JUDGMENT GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS

On July 21, 2010, the court granted the motion by the defendants for summary judgment and closed this case. The plaintiff claimed that he was improperly classified as a high-risk inmate and had been kept too long in administrative segregation. The court held that the plaintiff's numerous infractions – including several escapes from prison – justified the defendants' decision in keeping the plaintiff in segregation.

In the present motion, the plaintiff cites this court's decision in *Presley v. Epps*, 4:05CV148-JAD for the proposition that his housing in administrative segregation is unconstitutionally harsh. However, even under *Presley*, the plaintiff qualifies as a high-risk inmate because he meets an exception to the court's two-year limit on holding prisoners in administrative segregation because he, "escaped from a secured perimeter or from custody or direct supervision and while on escape caused serious physical injury to another." *Presley v. Epps*, 4:05CV148-JAD. The officer pursuing Roy during one of his escapes collided with a vehicle and suffered a serious physical injury. While one could quibble that Roy did not attack the pursuing officer, without question, the officer would not have collided with the vehicle if Roy had not escaped and fled from the officer.

In any event, Roy has not addressed facts supporting his housing in administrative

segregation as set forth in the court's July 21, 2010, memorandum opinion:

> It is undisputed that Roy had accrued the following *twelve* major rule violations at the time he was classified as a high security risk inmate on April 2, 2008:
>
> (1) escape from the East Mississippi Correctional Facility;
> (2) unauthorized possession of money ($240.00);
> (3) refusing to stop running and lie on the ground;
> (4) unauthorized possession of coloring pencils, red pen, and wires;
> (5) attempting to send mail in another inmate's name;
> (6) refusing to provide urine for testing;
> (7) escape from the East Mississippi Correctional Facility;
> (8) attempting to send mail using another inmate's name;
> (9) unauthorized possession of a tattoo gun;
> (10) unauthorized possession of a cellular phone;
> (11) unauthorized possession of a stinger; and
> (12) attempting to make a three-way call to another inmate at the East Mississippi Correctional Facility.
>
> The incident with the cellular phone actually occurred *during* Roy's classification as a high-risk inmate. This fact bolster's the defendant's argument that Roy is, indeed, a high-risk inmate.

In addition, Roy has had periodic reviews by the classification committee, which has decided each time that Roy is a high-risk inmate. If Roy would simply conform to prison rules (thus avoiding serious rule infractions – the real reason he remains in administrative segregation), then he would move to the general population, as he desires.

For the reasons set forth above, the plaintiff's motion [26] for reconsideration is **DENIED.**

**SO ORDERED,** this the 27TH day of September, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE